UNITED STATES *v.* LOS ANGELES TRADING CO. (No. 2604) [1]

EVIDENCE, SUFFICIENCY TO REBUT PRESUMPTION OF CORRECTNESS OF COL-
     LECTOR'S DECISION.
     A Chinese alcoholic compound, known as Ng-ka-py, was refused entry under paragraph 24, Tariff Act of 1922, as an alcoholic medicinal compound, on the theory that it was not sufficiently medicated. The protest was properly sustained on the testimony of a Chinese doctor, a graduate of the University of Kansas, that Ng-ka-py was a recognized remedy for rheumatism and gout by the Chinese, that he had known and dealt in it for some 20 years, that it was sold by druggists as a medicine, that he never knew it to be used as a beverage, and that "no one wants that stuff so far as the taste is concerned."

United States Court of Customs Appeals, December 4, 1925.

APPEAL from Board of United States General Appraisers, Abstract 49174.

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General (*Marcus Higginbotham, jr.*, special attorney, of counsel), for the United States.
     *Frank L. Lawrence* (*Martin T. Baldwin, Richard Neville*, and *Youngworth, McLean & Hartman* of counsel) for appellee.

[Oral argument Oct. 15, 1925, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:
     The merchandise involved in this appeal is an alcoholic compound manufactured by the Chinese and known as Ng-ka-py. The alco-

[1] T. D. 41236.

holic proof of the article is approximately 100 degrees. What proportion is alcohol or what its other ingredients are, other than that they are regarded by the Chinese as medicinal, does not appear.

It was entered for warehouse at Los Angeles, Calif., April 21, 1922.

Samples were submitted to a Government chemist who reported that it was not sufficiently medicated to render it unfit for use as a beverage.

Importer was so informed and requested to increase the amount of medication in the compound. This was not done and thereupon, in March, 1923, the importation was seized under paragraph 813 of the Tariff Act of 1922. That paragraph provides that—

No wines, spirits, or other liquors or articles provided for in this schedule containing one-half of 1 per centum or more of alcohol shall be imported or permitted entry except on a permit issued therefor by the Commissioner of Internal Revenue. * * *—

And also provides for the seizure of such merchandise imported or brought into the United States without such permit.

The importer claimed the merchandise was entitled to entry under the provisions of paragraph 24 of the act. This paragraph provides a duty upon medicinal compounds, preparations, and mixtures and all alcoholic compounds, not specially provided for, at progressive rates, increasing according to the percentage of alcohol therein. If the alcoholic content is greater than 50 per centum, such commodities are dutiable at 80 cents per pound and 20 per centum ad valorem.

The collector refused to permit entry of the merchandise, presumably because of the seizure, which seems to have been made by him, against which refusal the importer protested.

After hearing, the Board of General Appraisers sustained the protest, held that the importation was not subject to seizure by the collector, and that the importer should have been allowed to make entry thereof, from which judgment the Government appealed.

That we have jurisdiction of the cause is conceded.

The issue here, therefore, narrows to the question of whether or not the judgment of the board shall be reversed as not supported by the evidence or as contrary to the weight of the evidence.

The Government introduced no testimony at the trial before the board, relying upon the presumption of correctness attaching to the collector's action in refusing to permit the entry. In its opinion the board found in substance that the Ng-ka-py was a medicinal preparation and that there was no proof that it was a beverage.

It is unnecessary to enter into any detailed analysis of the testimony. A Chinese doctor, a graduate of the University of Kansas, testified that Ng-ka-py was to his knowledge a recognized remedy for rheumatism and gout by the Chinese; that he had known and dealt in it for some 20 years; that he had sold it and that it was sold by druggists as a patent medicine, a medicinal preparation, in quantities

varying from 4 to 16 ounces; that he never knew it to be used as a beverage; that its dose for medicinal purposes was two teaspoonfuls every four hours; and that "no one wants that stuff so far as the taste is concerned." Of course, this testimony did not relate to this particular shipment, because it was in the Government's possession, but the witness assumed, as he had a right, that it was like other previous importations made by him of the same medicine, procured from the same source, which he had known about and sold, and to the character and uses of which his testimony related.

In the face of this undisputed evidence we are clear that the judgment below should not be reversed.

Congress clearly recognized, in the provisions of paragraph 24, that medicinal preparations entitled to entry might contain more than 50 per centum of alcohol. Indeed the paragraph does not limit the percentage of alcohol which such preparations may contain.

Paragraph 813 prohibits the importation of wines and spirits and of other liquors or articles provided for in Schedule 8 of the act if containing one-half of 1 per centum or more of alcohol, but it does not prohibit the importation of medicinal preparations that contain alcohol nor is any such prohibition to be found in said Schedule 8.

The ruling of the collector, in effect that the Ng-ka-py was not a medicinal preparation, has been shown by the testimony to be erroneous, and no other reason appearing for his refusal to receive the entry, the protest was well founded and the judgment below is *affirmed*.