UNITED STATES *v.* LO CURTO & FUNK (No. 3143)[1]

United States Court of Customs and Patent Appeals, April 2, 1929

*Charles D. Lawrence,* Assistant Attorney General (*Kenneth G. Osborn,* special attorney, of counsel), for the United States.
*James W. Bevans* for appellee.

[Oral argument February 1, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Certain merchandise was imported at the port of New York and described by the appraiser, in his answer to the protest, as follows:

The merchandise in question is described on the invoice as Whiteoline and consists of copper thiocyanate, a medicinal preparation, not specially provided for. It was returned for duty as such at 25 per centum ad valorem under paragraph 5, act of 1922. Note copy of chemists' report attached to the invoice.

The protest in part reads:

This shipment was returned by the appraiser at 25 per centum under paragraph 5, but should be free of duty under paragraph 1565 as "Whiteoline cyanide salts."

In the proceedings before the United States Customs Court, no testimony was offered. The special report of the appraiser and the

---

[1] T. D. 43319.

chemist's report were incorporated into the record. The chemist's report follows:

CHEMIST'S REPORT

U. S. LABORATORY, APPRAISER'S STORES,
*New York, N. Y., August 1, 1923.*

Sample of Whiteoline.
Entry No. 302778.
Required identity. If cyanide salts.
Examiner HW, Division 7. Division No. 28155.
Laboratory No. C–6669.

REPORT

The sample consists of copper thiocyanate.
Approved:

J. C. ECKERSEN, *Chemist.*
G. W. KNIGHT, *Chemist in charge.*

The protest of importers against the classification of the merchandise as a medicinal preparation, which protest claimed it to be free of duty as a cyanide salt, was sustained.

The Government has appealed from the judgment of the lower court and here assigns as error (among other assignments) its holding that the instant case is ruled by the principles decided in the case of *United States* v. *Davies, Turner & Co.*, 16 Ct. Cust. Appls. 50, T. D. 42719.

The Government in its brief seems to concede that the importation is a cyanide salt and nowhere has it asserted the contrary, but its sole claim is that "*all medicinal preparations * * * not specially provided for,*" being a classification by use, is more specific than "*all cyanide salts and cyanide mixtures, combinations, and compounds containing cyanide, not specially provided for.*" Considerable of the Government's brief is devoted to the discussion as to whether or not in this court the merchandise shall be regarded as a medicinal preparation. It is contended that the finding of the collector that it is a medicinal preparation is not disputed and is presumptively correct, and that therefore the only issue involved is the competition between *medicinal preparations*, provided for in paragraph 5, and the free-list provision of paragraph 1565 for *cyanide salts*, etc. The two competing paragraphs follow:

PAR. 5. All chemical elements, all chemical salts and compounds, *all medicinal preparations*, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and *not specially provided for*, 25 per centum ad valorem. (Italics ours.)

PAR. 1565. Cyanide: Potassium cyanide, sodium cyanide, *all cyanide salts and cyanide mixtures, combinations, and compounds containing cyanide, not specially provided for.* (Italics ours.)

We will accept the issue as it is presented here. For the purposes of this case we must regard the importation as a medicinal preparation and must also regard it as a cyanide salt.

It will be noticed that the "not specially provided for" clause is in each paragraph. Reading the two paragraphs separately, they would seem to say that if the merchandise was not specially provided for in paragraph 5 or elsewhere in the act, it would be classifiable under paragraph 1565, and if it was not specially provided for in paragraph 1565 or elsewhere in the act, it would be dutiable in paragraph 5.

Where two competing paragraphs, like those at bar, contain the words "not specially provided for," the term should be disregarded in determining which of the paragraphs is more definite in its application to the merchandise. *United States* v. *Richardson*, 13 Ct. Cust. Appls. 280, T. D. 41214.

Therefore, at this point, we are confronted with the sole question: As between *medicinal preparations* and the term "*all cyanide salts*," etc., which is the more definite in its application to the article in question?

"All medicinal preparations" is a designation by use, and copper thiocyanate is provided for with more definite certainty under the *medicinal preparation* paragraph than under the provision for *cyanide salts,* etc. *Fink* v. *United States*, 170 U. S. 584; *United States* v. *Hillier's Son Co.*, 14 Ct. Cust. Appls. 216, T. D. 41706.

In *Fink* v. *United States, supra,* the classification controversy involved muriate of cocaine, which was an alkaloid and also a chemical salt. The competition was between "all medicinal preparations" and "alkaloids * * * and all chemical * * * salts." The court held as follows:

Being a medicinal preparation, made as such and solely used as a medicine, the language of paragraph 74 clearly more definitely applies to it than does the generic provision "of chemical compounds and salts" found in paragraph 76. *Magone* v. *Heller*, 150 U. S. 70; *Robertson* v. *Salomon*, 130 U. S. 412.

In *United States* v. *Hillier's Son Co., supra,* the classification of scammony resin was involved and the competition was between "all medicinal preparations" in one paragraph and "and other * * * resins" in another. In the opinion of the court we find the following:

Obviously, the test of use must be applied to a preparation in order to determine whether it is to be classified as a medicinal preparation, although the word "use" does not appear in paragraph 5. *United States* v. *Los Angeles Trading Co.*, 13 Ct. Cust. Appls. 330, T. D. 41236.

* * * * * * *

The provision for "all medicinal preparations" is equivalent to an enumeration of every medicinal preparation not otherwise specially provided for by name. *Merck & Co.* v. *United States*, 6 Ct. Cust. Appls. 41, 42, 43, T. D. 35315.

The resin involved here is used for no other than medicinal purposes. It is a medicinal preparation. And while it is provided for as a "resin" in paragraph 1584, it is more specifically provided for, we think, as a medicinal preparation in paragraph 5. Numerous authorities cited.

Contrary to the view expressed by the court below, the issues in this case are in no sense controlled by the case of *United States* v. *Davies, Turner Co.*, *supra*. There the competition was between "all chemical elements and compounds" in paragraph 5, *supra*, and "cyanide salts" in paragraph 1565. In that case there was no claim that the goods were dutiable as a medicinal preparation.

In the *Davies, Turner Co.* case, *supra*, the Government disputed the claim that the merchandise was a cyanide salt. In the case at bar there is no such contention.

The judgment of the United States Customs Court is *reversed*.