41

(C. D. 280)

Wm. Vixseboxse *v.* United States

United States Customs Court, Third Division

(Decided January 24, 1940)

*Edward D. Howald* for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Richard E. FitzGibbon,* special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Cline, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duties exacted by the collector of customs at the port of Cleveland on certain paintings described by the plaintiff in his protest as follows:

"Winter" by Hendrik Avercamp
Unframed—"Portrait of a Woman" by C. Kuiper
2 small portraits of Man & Wife—on wood panels—by Chimier van Oudendorp
"Interior with Two Soldiers & Woman" by Wm. Duyster.

Duty was collected on the paintings at the rate of 20 per centum ad valorem under paragraph 1547 (a) of the Tariff Act of 1930 and the plaintiff claims that they should have been classified under paragraph 1807 which is in the free list of the said act. The pertinent parts of the provisions involved read as follows:

Par. 1547. (a) Works of art, including (1) paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the

same, \* \* \* all the foregoing, not specially provided for, 20 per centum ad valorem.

PAR. 1807. Original paintings in oil, mineral, water, or other colors, pastels, original drawings and sketches in pen, ink, pencil, or water colors \* \* \*

The invoices upon which entry was made describe a number of paintings which were assessed with duty at 20 per centum ad valorem but the plaintiff limits his claim in the pleadings to the ones above described. A number of invoices are covered by the entry and the protest does not contain the exact invoice description of the particular paintings the subject of this suit, but the collector, in her timely report, identifies the ones in dispute and the invoices on which they appear. Also she gives her reasons for not returning the same under the free list provision. Her report reads as follows:

Invoice No 2 indicates that the picture "Winter" was produced by a Dutch School in the Seventeenth Century; artist unknown; not identifiable as original.

Invoice No 6 indicates that on the paintings "Portrait of a Woman" and two small portraits of "Man and Wife" the artist is unknown and the paintings are not identifiable as originals.

Invoice No 7 indicates that on the painting "Interior" the artist is unknown and it is not identifiable as an original.

Article 452 of the Customs Regulations of 1937 covering works of art claimed to be free of duty as originals was not complied with.

The sole issue in this case is whether or not the paintings are originals.

The importer, Mr. William Vixseboxse, was called as a witness and testified that he has been a purchaser of paintings for the last 40 years; that he appraises them and has testified in court as an expert on paintings; that he has collaborated with the curator of the Cleveland Museum of Art; that he studied art for 8 academical terms in the Netherlands and studied the works of the particular artists who made the paintings covered by the protest; that he purchased them personally in Holland in the year 1937; and that in his opinion all of the paintings covered by the protest are originals. The witness testified further that the painting described as "Winter" was executed by Avercamp whose works he had studied in Holland; that although the painting was not signed by the artist, he recognized it as a work by that artist by its general composition and coloring; that the painting described in the protest as "Unframed Portrait of a woman" was by Kuiper and it was signed by the artist in the year 1776; that the quality of it was sufficient to show that it is an original; that the paintings described in the protest as "2 small portraits of 'Man & Wife'—on wood panels—by Chimier van Oudendorp" were made by a well-known artist whose work he had seen in Holland and that both paintings were signed by the artist; that he was familiar with

the work of the artist who executed the painting described in the protest as "Interior with Two Soldiers and Woman" by Wm. Duyster; that the artist is well represented in Dutch museums, being held out as a well-known painter of the seventeenth century; that, although this one was not signed, it is characteristic of the paintings of Duyster.

On cross-examination the witness testified that many paintings of the sixteenth and seventeenth centuries were not signed, especially those by English and Italian artists; that some paintings by Dutch artists were signed while others were not; that Avercamp specialized in winter landscapes and the nature of the work in the painting "Winter" was characteristic of the work of Avercamp.

The plaintiff's testimony was uncontradicted, and, in our opinion, it is sufficient to prove that the paintings covered by the protest are originals. From the notations on the invoices it appears that the appraiser checked the free paragraph (1807) placed opposite the items on the invoices in black ink, which indicates how the articles were entered, and also made a notation in red ink opposite each item reading, "or Par. 1547, 20%." The collector reports that the paintings were not identified as originals and also that the provisions of article 452 of the Customs Regulations of 1937 were not complied with.

Paragraph 1807 contains no provision making free entry of the articles provided for therein conditional upon compliance with regulations to be promulgated by the Secretary of the Treasury. Therefore the provisions of article 452 of the Customs Regulations of 1937 were made under the general power to make regulations granted in the tariff act and they are directory only and not mandatory. The point was considered in *Anderson Art Galleries* v. *United States*, T. D. 46258, 63 Treas. Dec. 495, 496. The court said:

> Since the customs regulations issued under paragraph 1807 were not complied with by the importer, the collector could not so classify the painting. Compliance with these regulations is not a condition precedent to the privilege of free entry under paragraph 1807, and in lieu thereof plaintiff has the right to introduce competent evidence to support the protest at the trial before this court, citing *United States* v. *Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *United States* v. *Royal Copenhagen Porcelain*, 17 C. C. P. A. 464, T. D. 43929; and *Gommi* v. *United States*, Abstract 10702.

We find from the evidence that the paintings covered by the protest are all originals and hold the same free of duty under paragraph 1807. The protest is sustained. Judgment will be entered in favor of the plaintiff.