(C. D. 2042)

DONALD PETERS *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 19, 1958)

*David J. Goell; Siegel, Mandell & Davidson (David Serko* of counsel) associate counsel; for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Sheila N. Schwartz Ziff,* trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: Plaintiff entered this importation on May 9, 1955, at the port of New York, as an original oil painting and claimed it as "free on oath" under paragraph 1807 of the Tariff Act of 1930. Affidavit on Form 3309 is required to be filed with the entry, when free entry is asserted under paragraph 1807. Some days later, on May 24, 1955, the New York collector's office received Form 3309, form of affidavit for free duty of original paintings, engravings, drawings, sculpture, etc. This is dated May 12, 1955, it has a signature "Donald H. Peters," but it lacks verification. It is not the required affidavit, but at best an unsworn statement.

The official papers are not in evidence. Defendant has raised no issue as to plaintiff's failure to file the affidavit. The record now before us may be accepted as proof of what an affidavit should have evidenced. Timely filing of sworn affidavit, Form 3309, is not a fatal defect, and proofs subsequently adduced may be considered by the court. *Wm. Vixseboxse* v. *United States,* 4 Cust. Ct. 41, C. D. 280.

This importation, although it was entered as an oil painting, appears to be what is described as a "collage." Plaintiff's counsel so characterized it on trial. It was classified by the collector as a manufacture in chief value of vegetable fiber under paragraph 1023, as modified, with duty at 20 per centum ad valorem.

The entry claim was for duty-free status under paragraph 1807, as an original oil painting, but plaintiff's protest against the liquidation did not, at first, make that claim. In his original protest, plaintiff claimed that the item, a collage, ought to be classified as an original work of art, that the valuation was $450, and "duty should be $45." The basis for this classification, or for what appears to be a claim to a duty rate of 10 per centum, was not set forth. The protest is silent as to what provision it is under which original work of art classification is claimed with duty at 10 per centum.

By amendment, plaintiff now makes three alternative protest claims: That the "merchandise is dutiable at 20% under paragraph 1547, Tariff Act of 1930, or at 10% under paragraph 1547, Tariff Act of 1930, as amended, or free of duty under paragraph 1807, Tariff Act of 1930."

While the amended protest presents these three alternative claims, and none of the claims has been formally abandoned, plaintiff's original brief argued only the claim for classification under paragraph 1547 at the 20 per centum rate. In his opening statement on trial, plaintiff's counsel said: "Our principal claim is that the importation is, in fact, a work of art, and therefore, dutiable as such under the provisions of Paragraph 1547 of the Tariff Act of 1930."

Defendant, in its brief, argued that because plaintiff claims a rate of duty, 20 per centum, which is identical with the rate assessed in liquidation, plaintiff has conceded that he has not been injured by the collector's classification, even if that classification were found to be incorrect. Defendant, therefore, made the "request" in its brief that the protest be "dismissed."

Plaintiff then requested leave to file a reply brief, and this was granted. In his reply brief, plaintiff asserted that he has not abandoned any of the three alternative claims made in his amended protest, that the court should decide all issues submitted by the parties for decision, and that the protest should not be dismissed.

We support plaintiff's view as to the procedural issue which defendant has raised. Whether or not the record before us is one that supports judgment for plaintiff on any of his alternative claims, the pleadings before us present justiciable issues for decision. The parties have submitted the case for decision. It would be too late, after general submission, for defendant to move to dismiss the protest, and defendant's "request" can achieve no larger stature than its motion would have.

In view of the proofs before us, protest should not be dismissed *in toto*, either on timely motion or untimely request. The case having been submitted for decision on the record, we proceed to decide the issues before us.

The collage in litigation was exhibited to the court. It is an original production of the Italian artist, Alberto Burri, executed in the medium of burlap pieces, sewn, the whole pasted or otherwise affixed to a back, and with oil paints applied, at least to certain areas. It does not appear from the record what the title of the collage is, or what it is intended to represent.

There was testimony for plaintiff by Mr. Alfred H. Barr, Jr., who is director of museum collections of the Museum of Modern Art, in New York City, and by Mr. Leo Castelli, who, for 20 years, has been an art dealer and who owns a gallery in New York City dealing "in the field of modern art, and within that field, with what we call vanguard art." Both witnesses were firmly of the opinion that this collage is an original work of the free fine arts, within the modern art field. Testifying as to Mr. Burri's reputation as an artist, it was stated that he is one of the first half-dozen artists of postwar Italy, with a worldwide reputation, in this country, in Europe and Japan; that his works have been exhibited in the Museum of Modern Art and other museums in New York City, and in the Carnegie Museum, in Pittsburgh, and in the Albright Art Gallery, in Buffalo. Several museums or institutes own Burri works as part of permanent collections.

Plaintiff introduced in evidence (exhibit 3) a bulletin of the Museum of Modern Art, New York, volume XXIII, No. 3, dated 1956, and entitled "Painting and Sculpture Acquisitions June 1, 1953 through June 30, 1955." This bulletin lists (often with photographs) acquisitions, during the stated period, of works by Monet, Cezanne, Rodin, Leger, and Maurice Sterne, to mention only a few of the artists whose works were acquired. Burri is included. A photograph on page 23 of this bulletin shows a Burri work in the same medium, sewn pieces of burlap, as the Burri collage here in litigation.

Plaintiff's exhibit 2 is a book, published in 1955 by the Museum of Modern Art, New York, entitled "The New Decade: 22 European Painters and Sculptors." These 22 artists include Burri. On page 83 (exhibit 2–A), there is the photograph of a Burri painting, oil on canvas. On page 84 (exhibit 2–B), there is a photograph of a Burri "Burlap, cotton on canvas." On page 85 (exhibit 2–C), are photographs of two Burri works. One is "Burlap on cotton canvas," and the other is "Cotton, silk, vinavil, glue and paint on celotex."

On cross-examination, defendant elicited the opinion of both of plaintiff's witnesses that they consider that the collage in litigation is not a painting. Defendant introduced no evidence.

Plaintiff's witnesses are qualified in the field of such modern art as this collage purports to be. The museums and institutes mentioned are devoted to the collection and exhibition of works of art.

Plaintiff has overcome the presumption that the collector's classification in liquidation was correct. On the evidence of record, we find that this collage is an original work of art.

There is documentary evidence indicating that it is regarded by the artist, Mr. Burri, as a painting, and that it also is so regarded by at least some American museums. There seems no sound reason for supposing that paintings may be on canvas, but not on burlap. However, plaintiff's experts were unequivocally clear that they do not consider this collage to be a painting. On the weight of evidence before us, we find that it is not a painting.

The claim to duty free entry under paragraph 1807 is overruled. The record before us does not show that this collage is either an original painting in one of the media Congress has enumerated, an original sculpture or statuary, or any of the other art forms that are enumerated in paragraph 1807.

The claim to duty at 10 per centum under the President's proclamation of the GATT modification of paragraph 1547 (T. D. 51802) is overruled. That modification does not apply to all of the art forms comprehended in paragraph 1547, but only to those which are enumerated in the modification. Those so enumerated are:

Paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same.

The record before us does not identify a collage as any of the enumerated art forms (or works not of art) to which the reduced GATT duty rate is applicable.

As earlier stated, the record shows that this collage is an original work of art. Although collages are not one of the art forms specifically enumerated in paragraph 1547, it has been held that paragraph 1547 is not to be construed as limited to those forms of the free fine arts which are enumerated. *Petry Co.* v. *United States*, 11 Ct. Cust. Appls. 525; *United States* v. *John Wanamaker*, 19 C. C. P. A. (Customs) 229.

It is not necessary to speculate what our action might have been, in the event that defendant seasonably moved to sever that one of plaintiff's protest claims that is made under paragraph 1547, and for its dismissal on the ground that it does not raise a justiciable issue. Instead, defendant consented in writing to this very protest amendment and proceeded through trial, to submission of the record for decision on the merits.

Plaintiff is correct in claiming classification of this collage under paragraph 1547. The collector's classification under paragraph 1023 was erroneous. However, we have overruled both of plaintiff's other protest claims, and there is no lower duty rate applicable to the proper

classification than to that which was erroneous. Both rates are 20 per centum ad valorem. Plaintiff has a wrong, but has suffered from that wrong no injury which can be reached by our judgment. Duty under the correct classification is not less than the duty assessed.

The protest claims are overruled. Judgment will be entered accordingly.