**No. 68716.**—S. Stern, Henry & Co. v. United States, protest 61/9247 (New York).

RICHARDSON, Judge: On the call of the calendar at a term of court in New York on June 15, 1964, plaintiff failed to appear, notwithstanding due and timely notice, and the defendant moved to dismiss the protest for nonappearance and lack of prosecution, and also on the ground that the protest does not state a cause of action.

It would serve no useful purpose in the present posture of the case for the court to grant defendant's motion to dismiss the protest for insufficiency, as is apparently defendant's main objective. Apart from the fact that a disposition of such motion would be superfluous, it would necessarily involve a discussion and determination on the merits of the controversy when one of the essential parties to the litigation is not before the court.

Some observations upon the recitals in the protest and the official papers and record in this case support the court's desire for caution in this regard. It appears that the defaulting plaintiff's grievance against action taken by the collector is that the collector rejected the entry of the plaintiff as originally tendered because the statement of entered value contained therein was lower than the value which the collector believed to be correct. And in order to obtain possession of the merchandise, plaintiff acceded to the collector's beliefs regarding value, raised the entered value to such level, although under protest, and, accordingly, was allowed to make entry and obtain possession of its merchandise. Thus, it appears that there is no dispute between the collector and the plaintiff as to the proper rate of duty, or the amount of estimated duties which should be deposited with the entry; but only a dispute as to the value to be stated in the entry. And, concerning this, it is the contention of the plaintiff as expressed

through its pleading that the action of the collector was improper, and resulted in the usurpation of the appraiser's function to determine value.

There appears to be at least two issues which are presented by the pleading sought to be attacked by defendant, namely, whether plaintiff was under such duress in making entry of its merchandise as not to have resulted in a waiver of a claim arising prior to entry, and, if there was such duress, whether plaintiff can protest the collector's rejection of its original entry prior to liquidation of the amended entry on grounds unrelated to liquidation. These are weighty questions upon which the court ought not be required to rule summarily, particularly in the absence of the party who brought them to the attention of the court, and where decisions on such questions are not even necessary to a disposition of the case.

The court cannot take the default of the plaintiff as being indicative of a lack of merit in the protest claim. There is respectable authority to the effect that a protest will lie independent of liquidation against action of the collector which does not relate to, impinge upon, and, hence, need not be deferred to a time subsequent to liquidation. In this connection, see *United States* v. *Los Angeles Trading Co.*, 13 Ct. Cust. Appls. 330, T.D. 41236; *The McCall Co.* v. *United States*, 66 Treas. Dec. 136, T.D. 47201; and *McKesson & Robbins (Inc.)* v. *United States*, 43 Treas. Dec. 214, T.D. 39511. See, also, *Central Commodities Corp.* v. *United States*, 6 Cust. Ct. 452, C.D. 514. Such a question as is here involved, which concerns only the propriety of the collector's action with respect to entered value, and not his action with respect to a rate of duty or his estimate of duties, may well fall within this class of permissible preliquidation litigation.

Lastly, it is a bit odd to find that the motion challenging the sufficiency of the protest is now being urged at the instance of the defendant who, at the very outset of this litigation, undertook to stipulate with the plaintiff as to the relevant facts here involved and thereupon submit the controversy to the court for determination on the merits. See *S. Stern, Henry & Co.* v. *United States*, 48 Cust. Ct. 430, Abstract 66718 (present protest, 61/9247), rehearing denied, 49 Cust. Ct. 167, Abstract 66881, affirmed, *S. Stern & Company* v. *United States*, 51 CCPA 15, C.A.D. 830,[1] certiorari denied, Supreme Court No. 902 (April 20, 1964). Such prior course of conduct of the defendant in this protracted litigation is hardly consistent with defendant's present motion to dismiss on the ground that the protest does not state a cause of action. In another case where the Government had stipulated as to the facts in controversy and submitted the case to the court for determination on the merits (just as it has previously attempted to do here), such conduct gave impetus to a decision by this division of the court in which we declined to sustain a subsequent objection by the Government attacking the sufficiency of the protest. See *Peters* v. *United States*, 41 Cust. Ct. 195, 197, C.D. 2042. Consistency on the part of the court requires that it not grant a motion made by a litigant who presses for a dismissal out of step with its prior conduct.

For the reasons stated, the court declines to pass upon the defendant's motion to dismiss the protest for insufficiency.

On motion of defendant, the protest is dismissed for nonappearance and lack of prosecution. Judgment will be entered accordingly.

### CONCURRING OPINION

DONLON, Judge: It seems to me not necessary at this time to discuss whether the collector here acted unlawfully, for the issue is not before us. The protest

---

[1] Plaintiff's name changed in appellate court.

is, in my opinion, subject to dismissal on the ground that it is not a valid protest under section 514, under the authority of which plaintiff purports to have filed it. This is the main ground on which defendant has moved for dismissal. (R. 8.)

*Peters* v. *United States*, 41 Cust. Ct. 195, C.D. 2042, cited by my colleague as authority for the proposition that defendant's motion is untimely, does not, in my opinion, so hold. That was a case considerably different from this in at least two significant respects. First, the defect for which dismissal was asked there, was a defect as to only one of several protest claims. Quite rightly, we held that dismissal *in toto*, because of a defect as to one claim, of a protest which effectively raised other claims, was not a remedy available to defendant. Second, the case had already been submitted generally for decision; and we held, on that ground, that request for dismissal came too late. Here, the case has not been submitted for decision. Attempt to do so was denied. Motion to dismiss is timely.

In my memorandum filed in *S. Stern, Henry & Co.* v. *United States*, 48 Cust Ct. 430, Abstract 66718, discussing the facts, I said:

There has been no liquidation as yet of the entry. There has not even been an appraisement. Presumably, plaintiff might have declined to amend its entry. Plaintiff did amend it, availing itself of that method of taking in the merchandise promptly. Having done this, plaintiff is in no position to complain of the consequence of its action.

Moreover, plaintiff has suffered no impairment of its rights. If, after appraisement, plaintiff believes that the merchandise has been overvalued, it may have its day in court to test that issue.

There is no cause of action which can be stipulated. The protest should be dismissed and the papers returned for appraisement of the merchandise.

Therefore, I do not concur with my colleague in declining to rule on the main ground on which the motion to dismiss was made. On the ground that the protest before the court does not state a cause of action, and also on the ground that protest is premature, I concur in entry of judgment of dismissal.