UNITED STATES *v.* MILLS & GIBB CORPORATION (No. 2501)[1]

APPRAISEMENT—COLLECTOR'S VOID.

The invoice stated 150 dozen pairs of wool gloves at $1.75 per dozen and 54 dozen pairs at $1.60 per dozen, the value of the cases as $5, and the total value of the importation as $353.90. The entry was one case of gloves $215 and one $139—total $354—at $1.75 per dozen pairs. The appraiser approved the entered value. The goods are dutiable under paragraph 1114, Tariff Act of 1922, at a greater or lesser rate according to whether or not they are valued at more than $1.75 per dozen pairs. The collector, by apportioning the value of the cases, found a greater value than $1.75 per dozen pairs for some of the gloves and assessed them at the higher rate. This was an appraisement by the collector and void.

United States Court of Customs Appeals, June 3, 1925

APPEAL from Board of United States General Appraisers, Abstract 48014

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Ralph Folks,* special attorney, of counsel), for the United States.
*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

[Oral argument Mar. 30, 1925, by Mr. Hoppin and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of gloves composed of wool.

It was stated in the invoice that the importation consisted of 204 dozen pairs of gloves of the total value of $348.90. The value of 150 dozen pairs was given as $1.75 per dozen pairs. The value of the remaining 54 dozen pairs was stated to be $1.60 per dozen pairs. The value or cost of the cases was stated to be $5. The total value stated in the invoice was $353.90.

The merchandise was entered as follows:

Two cases wool children's gloves (plain par. 1114) value u/$1.75 doz. pr.

| lbs. 104: | Dut. value |
|---|---|
| 5461. Doz. 124, lbs. 64 (30¢ p. lb., 35%) | $215 |
| 5462. Doz. 80, lbs. 40 (30¢ p. lb., 35%) | 139 |

Total, $353.90.

@ 100, $354.00

| | |
|---|---|
| Duty: $354—35% | 123. 90 |
| Lbs. 104—36¢ p. lb | 37. 44 |
| | 161. 34 |

It will be observed that there was no reference in the entry to the cost of containers, although, by comparing the invoice values with the values stated in the entry, it is apparent that the importer included the cost of the containers in the entered value of the merchandise.

We are unable to find, from an examination of the "warehouse entry" and other papers in the case that the appraiser did anything more than approve the entered value.

The report of the appraiser is as follows:

* * * The merchandise in question consists of gloves valued at less than $1.75 per dozen pairs, composed of wool. It was returned for duty as such at 35 per centum ad valorem and 36 cents per pound under paragraph 1114 of the act of 1922, as claimed in the protest. There are no gloves returned at the protested rate.

The report of the collector is as follows:

* * * Respectfully referred to the Board of United States General Appraisers for decision.

The merchandise in question consists of gloves composed of wool. In liquidation three items were found to be valued at not more than $1.75 per dozen pairs and were assessed for duty at 36 cents per pound and 35 per centum under paragraph 1114, act of 1922. The remaining gloves on the invoice were found to be valued at more than $1.75 per dozen pairs and were assessed for duty at 45 cents per pound and 50 per centum ad valorem under the same paragraph. Note the appraiser's special report herewith.

The merchandise was assessed for duty by the collector under paragraph 1114 of the Tariff Act of 1922. The collector states in his report, supra, that "three items" were assessed at 36 cents per pound and 35 per centum ad valorem, for the reason that such merchandise was found to be of a value less than $1.75 per dozen pairs, and that the "remaining gloves" were assessed at 45 cents per pound and 50 per centum ad valorem for the reason that they were found to be of a value greater than $1.75 per dozen pairs.

The pertinent part of paragraph 1114 reads as follows:

PAR. 1114. * * * Hose and half hose, and gloves and mittens, wholly or in chief value of wool, valued at not more than $1.75 per dozen pairs, 36 cents per pound and 35 per centum ad valorem; valued at more than $1.75 per dozen pairs, 45 cents per pound and 50 per centum ad valorem. * * *

The importer protested the collector's classification. The Board of General Appraisers sustained the protest and the Government appealed.

It is admitted by the Government that the merchandise was appraised at the entered value. It was entered at a total value of $354. The entry also contains the statement that the merchandise was of a value less than $1.75 per dozen pairs.

Section 500 of the Tariff Act of 1922 provides that it shall be the duty of the appraiser "to appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold."

Section 503 of the Tariff Act of 1922 provides:

Whenever imported merchandise is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the value returned by the appraiser, general appraiser, or Board of General Appraisers, as the case may be.

Section 489 of the Tariff Act of 1922 provides that duties shall not be assessed upon an amount less than the *entered* value, "except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this act."

On pages 5 and 6 of its brief, the Government says:

The invoice value per dozen plus the value of packing per dozen is $1.77 plus per dozen. The unit is therefore more than $1.75 per dozen, and the higher rate of duty is applicable as found by the collector.

It therefore appears that the collector did not disturb the entered value or the value found by the appraiser, and that he merely apportioned the value of the packing to each dozen of the gloves at the rate of 2 cents plus per dozen each

It is a full and complete answer to this proposition to say that it was the duty of the appraiser to appraise the merchandise at its "foreign value," or "export value," whichever was higher, in the *unit* of quantity in which the merchandise was usually bought and sold. If an appraisement is unsatisfactory to the collector, he may appeal to reappraisement. If he does not appeal to reappraisement, he must liquidate the entry in accordance with the value returned by the appraiser. Sec. 503, supra.

The appraiser included the cost of the "packing cases" and appraised the merchandise not at the *invoice* value but at the entered value, and found, as stated by him in his report, supra, that the merchandise was worth less than $1.75 per dozen pairs. The collector should have appealed to reappraisement or have liquidated the entry in accordance with the appraised value as returned by the appraiser. He did neither. By an independent calculation, apparently based upon the invoice value, he, in effect, reappraised the merchandise and found that some of the "items" included in the entry were of a value greater than that returned by the appraiser. This he had no authority to do.

The judgment is *affirmed*.