(C. D. 520)

WILLIAM J. HIRTEN CO., INC. *v.* UNITED STATES

3

United States Customs Court, Second Division

(Decided June 26, 1941)

*Puckhafer, Rode & Rode* (*Howard C. Carter* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. Fitz-Gibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of pocketknives. Duty was levied thereon at the rate of 18 cents each and 55 per centum ad valorem under the provision in paragraph 354 of the Tariff Act of 1930 for "pocketknives; * * * valued at more than $1.25 and not more than $3 per dozen." It is claimed that said pocketknives are properly dutiable at but 11 cents each and 55 per centum ad valorem under said paragraph as "pocketknives; * * * valued at more than 50 cents and not more than $1.25 per dozen."

At the hearing, held at New York on April 14, 1941, the case was submitted on the official papers which include the entry, invoice, and the summary of examination and appraisement.

The invoice discloses that the merchandise consists of 10 gross of pocketknives, item No. 645, St. Christopher, valued at $15 per gross or a total of $150. The examiner checked the entered rate of "55% + 11¢ ea." and wrote in red ink "Not over $1.25 dz."

The invoice covers 9 other items of merchandise. The extensions for the 10 items are totaled. Thereafter appear charges for "packing," "insurance," and "consular tax" which are added to the sub-total secured by adding the extensions. The charges for "insurance" and "consular tax" are marked "N. D." (Nondutiable).

In liquidation the collector apportioned the $5.70 charged for packing to all of the items of the invoice in proportion to their respective values thereof. He found that, by adding the proportionate packing charge to the value of the knives in suit, the dutiable value of the 10 gross amounted to $150.489. He then divided $150.489 by 120

(since there are 120 dozen in 10 gross) and determined the dutiable value to be $1.254 per dozen pocketknives. He then noted on the invoice in blue pencil "18¢ ea. ov. 1.25 Doz.," and accordingly levied duty on the pocketknives at the rate of 18 cents each and 55 per centum ad valorem under said paragraph 354 as pocketknives valued at more than $1.25 and not more than $3 per dozen.

In the summary of examination and appraisement occurs the following printed statement:

A check mark (√) indicates that appraisement, classification, or quantities are as entered or that packing charges are believed to be correct.

The columns headed "Appraised," "Advisorily classified," "Quantities," and "Packing charges" each contain a check mark in red ink. The entry and the reverse side of the summary sheet show the following information:

| Paragraph | Quantity | U. S. Dollars | Entered Value | Rate | Duty |
|---|---|---|---|---|---|
| 354 | 1440 pcs. | 150.49 | $150. | 55% | $82.50 |
| | | | | 11¢ ea. | $258.40 |

It is evident that the packing charge constitutes no part of the appraised value of the merchandise, and should not have been added by the collector in determining the *rate of duty* at which the merchandise should have been assessed. Under the provisions of section 503 of the Tariff Act of 1930 it was the duty of the collector, in determining the rate of duty, to have accepted the appraised value returned by the appraiser and to have based the rate of duty thereon.

Paragraphs (a) and (c) of said section 503 read as follows:

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

(c) BASIS OF RATE.—For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall (except as provided in section 562 of this Act) be taken to be the value of the merchandise.

Paragraph (c) of section 402 of the Tariff Act of 1930 reads as follows:

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Paragraph (d) of the same section, defining export value, contains similar provisions respecting the cost of containers, etc.

Subdivision (1) of section 500 (a) of the Tariff Act of 1930 prescribes the duties of appraising officers and reads as follows:

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

The final appraised value herein did not include the cost of packing, and, since it was not included in the appraisement, the collector had no right, under the last provision in section 503, to consider that cost in determining the *rate* to be applied to the merchandise. If he was dissatisfied with the appraisement made he should have appealed to reappraisement.

The appraiser's notation on the invoice "Not over $1.25 dz." and his checking of the entered rate and the columns of the summary sheet headed "Appraised" and "Packing charges" clearly indicate that the cost of packing was not included in the final appraised value.

The precise question here presented was decided both by this court and our appellate court.

In the case of *United States* v. *Mills & Gibb Corporation*, 13 Ct. Cust. Appls. 137, T. D. 40963, the involved merchandise consisted of wool gloves which were appraised as entered at $1.75 per dozen pairs. The collector apportioned the value of the cases and thus increased the appraised value of the merchandise. In affirming the decision of this court holding the action of the collector to be null and void, the appellate court said:

The appraiser included the cost of the "packing cases" and appraised the merchandise not at the *invoice* value but at the entered value, and found, as stated by him in his report, *supra*, that the merchandise was worth less than $1.75 per dozen pairs. The collector should have appealed to reappraisement or have liquidated the entry in accordance with the appraised value as returned by the appraiser. He did neither. *By an independent calculation, apparently based upon the invoice value, he, in effect, reappraised the merchandise and found that some of the "items" included in the entry were of a value greater than that returned by the appraiser. This he had no authority to do.* [Italics ours.]

This decision was followed in *Rothschild Brothers Hat Co.* v. *United States*, Abstract 13557, 58 Treas. Dec. 1053, which, like the cited case, arose under the Tariff Act of 1922.

In the later case of *L. Heller & Son (Inc.)* v. *United States*, 20 C. C. P. A. 257, T. D. 46058, arising under the Tariff Act of 1930, and involving facts very similar to those here established, the United States Court of Customs and Patent Appeals said:

The report of the appraiser heretofore referred to shows, we think, that the cost of the container was not included in his appraised value.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Inasmuch as the appraised value of the merchandise returned by the appraiser did not include the cost of the container, $7.50, it was the duty of the collector to

determine the rate upon the value as returned by the appraiser or to appeal to reappraisement; this he failed to do, and the protest of appellant, claiming the merchandise properly dutiable at 60 per centum ad valorem only as imitation-pearl beads, valued at less than one-fourth of one cent per inch, should be sustained.

Upon the established facts and the law applicable thereto we hold that the pocketknives in question are properly dutiable at the rate of 11 cents each and 55 per centum ad valorem under said paragraph 354 as pocketknives valued at more than 50 cents and not more than $1.25 per dozen, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.