(C. D. 974)

L. A. Importing House *v*. United States

United States Customs Court, Third Division

(Decided December 21, 1945)

*Harper & Harper* (*Lawrence A. Harper* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney),
for the defendant.

Before Cline, Keefe, and Ekwall, Judges; Ekwall, J., concurring

Cline, Judge: This is a suit against the United States, arising at the port of Los Angeles, by protest against the collector's exaction of storage charges on certain merchandise held at the appraiser's stores.

It was established at the trial that the appraiser appraised the merchandise on the basis of the entered values in Yuan dollars, but that the collector made a demand for increased duty on the ground that the proper currency was FRB dollars. The importer did not pay the additional amount, and the collector refused to deliver the goods. The importer then appealed to reappraisement and the court found the correct dutiable values to be the entered values, stating:

An examination of the papers discloses that the appraiser appraised the merchandise as entered. The collector, apparently dissatisfied with the values found by the appraiser, advanced the same, which, of course, he had no authority to do under the law. Under the circumstances he should have filed a collector's appeal to reappraisement. [*W. X. Huber Co.* v. *United States*, 8 Cust. Ct. 639, 640, Reap. Dec. 5594.]

The goods were thereafter released, but the importer was required to pay the storage charges.

(1)

The broker who acted for the importer testified that, ordinarily, when additional duties are required, the amount is paid or a bond put up and an appeal taken, but that was not done in the instant case because he considered the action of the collector illegal.

The sole question then is whether the importer may recover storage charges where goods are not released because of an unauthorized action by the collector. In *Corn Exchange National Bank* v. *United States*, 59 Treas. Dec. 1308, T. D. 44945, an action was brought to recover customs duties and storage charges exacted upon certain merchandise. It appeared that the merchandise had been seized by the Government upon arrival; that libels were not filed against the seized wool until more than 2 years after its seizure; that the libels were dismissed by the court; that the collector refused to release the goods until ordered to do so by the court and only upon compliance with a demand made for additional duty and storage charges. The Government did not dispute the merits of the claims for the additional duties and the storage charges, but claimed that the court had no jurisdiction. It was held that on the release of goods seized for forfeiture the jurisdiction of the court to decide the classification and charge questions attaches. Judge McClelland in a concurring opinion stated (p. 1322):

\* \* \* As to the storage and cartage charges, they were incurred by the collector, or other governmental agents, as the result of having taken the wool arbitrarily, and, as the courts later determined, *wrongfully*, not only without the consent of the importer, but against his protest, and it is inconceivable that upon any pretext, either in law or equity, the exaction of the amount of such charges from the importer by the Government's agents could be justified.

Although the action of the collector in the instant case was not so flagrant, it was nevertheless illegal and void. (See *United States* v. *Mills & Gibb Corporation*, 13 Ct. Cust. Appls. 137, T. D. 40963.)

Defendant relies upon *Central Commodities Corp.* v. *United States*, 6 Cust. Ct. 452, C. D. 514. In that case, at the time of entry, the collector required the payment of an additional amount for countervailing duty. It was held that under section 505 of the Tariff Act of 1930, it is the collector and not the importer who estimates the duties payable, and that since the collector had complied with the law in making the demand, the plaintiff could not complain. In the instant case the collector required the payment of additional duties after appraisement and on the basis of an advance in value unlawfully made by him. It cannot be held, therefore, that the collector was acting in accordance with section 505, *supra*, or article 311 of the Customs Regulations of 1937. The demand for additional storage charges accruing because of an unauthorized act of the collector is not justified. The importer should not be required to put up a bond or deposit additional moneys whenever the collector chooses to make a demand without color of right.

We hold that the plaintiff is entitled to recover the storage charges for the period from the date of the collector's demand for the additional amount of duty to the date of final liquidation after the reappraisement decision, *supra*.   Judgment will be entered sustaining the protest accordingly.

### CONCURRING OPINION

EKWALL, Judge:   I concur in the result arrived at in the majority opinion but desire to point out that in my view this case seems to turn on a question of whether the retention of the goods by the Government and the failure of the importer or his agent to file a bond whereby storage charges were levied on the goods, were due to an advance in value by the collector, or whether that official's action was in the nature of a conversion of currency over which the collector had jurisdiction under authority of section 522 of the Tariff Act of 1930.

The official papers disclose that various currencies are given to describe the invoice values, viz, Mex. $, Peking currency, and F. R. B. M$, whereas the entry paper is made out in Yuan, without other descriptive terms.   The importer appealed for a reappraisement. The single judge held that the collector had advanced the value of the merchandise which action was beyond the scope of his power under the law.   He therefore held that the dutiable values were the entered values.   However, the decision did not state in which currency such entered values were to be taken, there being a number of Yuan currencies, i. e., the Chefoo, Hankow, Shanghai, and Tientsin (Reap. Dec. 5594).   No appeal was taken from this decision to a division, nor is the legality of that decision at issue before this court. Therefore, we are bound by its holding, that the collector advanced the value found by the appraiser, which action was illegal.

Upon the state of the record there seems no alternative but to hold the exaction of storage charges illegal.