(C. D. 514)

CENTRAL COMMODITIES CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 11, 1941)

*Fred G. Tauber* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Charles J. Miville* and *James F. Donnelly,* special attorneys), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff protests against the action of the collector in excluding merchandise from entry.

The plaintiff called Mr. George G. Lippelgoes, a customs broker, who testified that he prepared and presented the entry to the bond desk in the customhouse for the purpose of having it checked before presenting it to the number window and the clerk at the bond desk refused to accept it because the bond and entry did not include an amount to cover countervailing duty at the rate of 25 per centum;

that he then consulted with the chief clerk of the division who refused to accept the entry; that afterward he completed the bond making it to include the countervailing duty at the instance of the chief of the division and submitted it again; that it was afterwards returned to him with the notation "add 25% countervailing duty. Show rate on the invoice and entry." The invoice and entry were received in evidence and marked "collective exhibit 1." On cross-examination the witness testified that the collector requires, in addition to the estimated duties, that a bond be filed for the purpose of covering any amount that may be found due in addition to the estimated duties paid.

The next witness called by the plaintiff was Mr. Harry Weinberg, who is executive entry clerk at the customhouse. He testified that in his official capacity he received the entry (collective exhibit 1) and refused it; that he received the entry a second time accompanying a letter of protest, demanding that he accept the entry, together with a certified check for $30. That letter was received in evidence and marked "exhibit 2." He testified further that he returned all of the documents with the exception of the bond and the permit. The letter which accompanied the documents when they were returned to the importer was marked "exhibit 3." He produced the bond also which was marked "exhibit 4." A photostatic copy thereof was made and retained by the court but the original bond was returned to the witness. On cross-examination the witness testified that by T. D. 49821 he was instructed by the Secretary of the Treasury not to accept entry of any merchandise from Germany unless a 25 per centum countervailing duty had been paid as estimated duties.

Counsel for the defendant moved to dismiss the protest on the ground that the court has no jurisdiction to pass on the protest because the duties have not been paid by the plaintiff and that the protest does not set forth facts sufficient to constitute a cause of action. Decision on this motion was reserved.

The protest was filed within the statutory time after the refusal by the collector to accept the entry, such refusal being the letter dated August 7, 1939, marked in evidence as exhibit 3.

In support of his claim that the protest is premature because the duties have not been paid the defendant cites *Barney* v. *Rickard*, 157 U. S. 352; *Kimball* v. *Collector*, 77 U. S. 436; *United States* v. *Sherman & Sons Co.*, 237 U. S. 146; *Renfrew Machinery Co.* v. *United States*, 42 Treas. Dec. 327, T. D. 39382; *Kolynos Co.* v. *United States*, 25 Treas. Dec. 211, T. D. 33762.

The decisions cited by the defendant relate to shipments imported prior to the enactment of the Tariff Act of 1922 wherein the court was given jurisdiction for the first time to review decisions of the

collector in "excluding any merchandise from entry or delivery." In the prior acts the court was given jurisdiction to review the decision of the collector in assessing duties on liquidation or in imposing exactions. It is natural that the importer could not protest against such decisions if he had not paid the duties or exactions. Furthermore, the provisions in the earlier acts granting to importers the privilege of filing protests (section 14 of the Customs Administrative Act of 1890; section 14 of section 28 of the Tariff Act of 1909; paragraph N of section III of the Tariff Act of 1913; section 514 of the Tariff Act of 1922) contained the following specific requirement:

* * * and if the merchandise is entered for consumption shall pay the full amount of duties, charges, and exactions ascertained to be due thereon, * * *.

The above provision was omitted from section 514 of the Tariff Act of 1930. The only reason that can be assigned for this omission is that Congress recognized that the jurisdiction of the court covered cases other than those involving the refund of duty, such as the one herein where all the importer seeks by his protest is an order directing the collector to permit entry and accept the deposit of duty which the plaintiff estimated was due. Decisions under the earlier acts are distinguishable.

But even when the above-quoted provision was contained in the section permitting the filing of protests (section 514 of the Tariff Act of 1922), the court held that it had jurisdiction to consider whether or not the collector erred in rejecting an entry. That issue does not raise a question as to the rate or amount of duty assessed on merchandise and the importer does not seek to recover any duty, so that the question of whether or not the duty was paid is not material. In the case of *McKesson & Robbins (Inc.)* v. *United States,* 43 Treas. Dec. 214, T. D. 39511, the court held that the importer had the right of protest against the collector's decision in refusing the tender of an entry under section 514 of the Tariff Act of 1922. The court said:

In view of the statutory language, it is indeed difficult to conceive of a decision which the collector can make which may not legally be protested. Certainly, his act in refusing the tendered entry of this importer presents a valid ground for filing a protest, and we so hold. Accordingly, the motion to dismiss the protest as invalid on the ground that this board has no jurisdiction of the subject thereof, is denied.

Other cases in which the court considered protests against the decision of the collector in excluding merchandise from entry are *McCall Co.* v. *United States,* 66 Treas. Dec. 136, T. D. 47201 and *United States* v. *Los Angeles Trading Co.,* 13 Ct. Cust. Appls. 330, T. D. 41236.

The motion to dismiss the protest is denied, with exception granted to the defendant.

As to the merits of this case, the sole question for decision is whether the words "estimated duties," which section 505 of the Tariff Act of 1930 provides shall be deposited on entry, should be construed as the duties which the importer estimates are due or those which the collector estimates are payable. In this case the importer estimated that the merchandise was dutiable at 20 per centum ad valorem and he tendered the duty at that rate but the collector insisted that the estimated duties should be deposited in accordance with the rate of 20 per centum ad valorem plus 25 per centum ad valorem.

Article 311 of the Customs Regulations of 1937 prescribes the duties of the customs officers when an entry is presented at the customhouse by an importer. The pertinent parts read as follows:

Art. 311. Estimation of duties. (a) When the entry is filed, the classification and values stated therein will be compared with the description and values in the invoice and the proper amount of duties estimated.

(b) The rates of duty at which the entry is passed and the appropriate paragraphs shall be noted in black ink on the invoice by the importer in the left-hand margin, and the invoice transmitted to the appraiser when the entry is complete.

The above regulation contemplates that it is the duty of the collector to estimate the duties and that the importer is required merely to note the estimated rates on the invoice. We are of opinion that this regulation is reasonable and that the plaintiff cannot complain, inasmuch as the collector complied with the law and the regulations.

Counsel for the plaintiff argues that the merchandise is not subject to countervailing duties. That argument relates to the rate or amount of duties and the law gives the importer the right to protest against the rate or amount of duties within 60 days after, but not before, liquidation. The legality of that contemplated assessment cannot be determined in this proceeding because the rate or amount of duty has not yet been definitely determined. The plaintiff must wait until after liquidation before he can litigate that issue.

We are of opinion that the collector acted lawfully when the plaintiff presented his entry in this case. The protest is therefore overruled. Judgment will be entered in favor of the defendant.