**No. 57869.**—F. W. Myers & Co. *v.* United States, protests 185665–K, etc. (Ogdensburg).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *Geo. Wm. Rueff, Inc.* (41 C. C. P. A. 95, C. A. D. 535), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, FEBRUARY 17, 1954

**No. 57870.**—Lou Bunin Productions, Inc. *v.* United States, protests 173559–K and 173560–K (Los Angeles).

EKWALL, Judge: These two cases relate to and cover the same entry. At the hearing held in Los Angeles, Calif., they were ordered consolidated.

An examination of the record in each case discloses that the duties have not been paid. Payment of duties is a condition precedent to the right to file protest. *Sucrest Corporation* v. *United States*, 31 C. C. P. A. (Customs) 220, C. A. D. 275; *Central Commodities Corp.* v. *United States*, 6 Cust. Ct. 452, C. D. 514. The motion of the Government to dismiss the protests is, therefore, granted.

Judgment will be rendered accordingly.

**No. 57871.**—Stephen Hurlbut *v.* United States, protest 212099–K (New York).

Opinion by EKWALL, J. An examination of the record showing that the protest was filed more than 60 days after liquidation, the protest was dismissed as untimely under section 514, Tariff Act of 1930.