Slip Op. 05 - 60

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - x

TAK YUEN CORP.,                          :

                        Plaintiff, :

          v.                             :  Court No. 00-10-00490

                                         :

UNITED STATES OF AMERICA,                :

                        Defendant.       :

                                         :
- - - - - - - - - - - - - - - - - - - x

<u>Memorandum</u>

[Upon cross-motions as to goods from
 China that have been denied entry,
 summary judgment for the defendant.]


                              Decided:  May 20, 2005


     <u>Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP</u>
(<u>Erik D. Smithweiss</u>, <u>Robert B. Silverman</u> and <u>Michael T. Cone</u>)
for the plaintiff.

     <u>Peter D. Keisler</u>, Assistant Attorney General;  <u>Barbara S.
Williams</u>, Attorney in Charge, International Trade Field Office,
Commercial Litigation Branch, Civil Division, U.S. Department of
Justice (<u>James A. Curley</u>); and Office of Assistant Chief Counsel,
U.S. Bureau of Customs and Border Protection (<u>Edward N. Maurer</u>), of
counsel, for the defendant.


          AQUILINO, Senior Judge:  This action is the last of four

commenced with regard to merchandise described in its complaint as

mushrooms produced in the People's Republic of China and of the

species *agaricus bisporus*, marinated in water, sugar, vinegar,

acetic acid, citric acid and several other ingredients.  Among

other things therein, that complaint avers that the above-

encaptioned plaintiff importer tendered duties prescribed by its preferred subheading of the Harmonized Tariff Schedule of the United States ("HTSUS") but that the U.S. Customs Service[1] "excluded the subject merchandise from entry" on the ground that it was within the ambit of an antidumping-duty order and that duties pursuant thereto had not been paid.

I

The first of the four actions, CIT No. 99-03-00143, contested a determination by the U.S. International Trade Commission of material injury by reason of imports of such merchandise that included a finding by three of the commissioners that "critical circumstances exist with respect to subject imports from China".  Certain Preserved Mushrooms From China, India, and Indonesia, 64 Fed.Reg. 9,178 (Feb. 24, 1999).  The three other voting members of the Commission had disagreed with that view, hence the issue in that action was whether or not it, the "finding" in the affirmative, was equivalent to a "determination" within the meaning of the tie-vote provision of 19 U.S.C. §1677(11)[2] insofar as the International Trade Administration, U.S. Department of Com-

---

[1] Now known as the Bureau of Customs and Border Protection per the Homeland Security Act of 2002, §1502, Pub. L. No. 107-296, 116 Stat. 2135, 2308-09 (Nov. 25, 2002), and the Reorganization Plan Modification for the Department of Homeland Security, H.R. Doc. 108-32, p. 4 (Feb. 4, 2003).

[2] The wording of this section is that, if the

Commissioners voting on a determination . . . are evenly divided as to whether the determination should be affirmative or negative, the Commission shall be deemed to have made an affirmative determination.

merce ("ITA") was concerned.  That agency concluded that it was.
See Notice of Amendment of Final Determination of Sales at Less
Than Fair Value and Antidumping Duty Order: Certain Preserved
Mushrooms From the People's Republic of China, 64 Fed.Reg. 8,308,
8,309 (Feb. 19, 1999).  This court affirmed that conclusion and
thus dismissed the complaint.  See Tak Fat Trading Co. v. United
States, 26 CIT 46, 185 F.Supp.2d 1358 (2002).

        The second action, CIT No. 00-07-00360, contested the
determination by the ITA that the aforementioned merchandise is
within the scope of the antidumping-duty order, while the third,
CIT No. 00-08-00416, takes issue with that agency's Final Results
of Antidumping Duty Administrative Review for Two Manufactur-
ers/Exporters:  Certain Preserved Mushrooms From the People's Re-
public of China, 65 Fed.Reg. 50,183 (Aug. 17, 2000), essentially on
the ground that they should not have been subjected to that
administrative review since the merchandise is not genuinely
covered by the underlying order.

        In each of those three matters, the court's jurisdiction
was invoked pursuant to 28 U.S.C. §1581(c).  The plaintiffs in the
third one obtained an immediate, preliminary injunction, suspending
liquidation of any implicated entries pending final disposition of
their complaint.  Thereafter, they moved for a stay of their action
pending resolution of the second matter, CIT No. 00-07-00360, which
relief was also granted.

The plaintiffs in that second action, including the above-named importer, also sought a stay until final decision in this matter at bar, which, unlike the others, has been brought pursuant to 28 U.S.C. §1581(a), but that motion was denied because classification of merchandise by Customs does not govern an ITA determination of the scope of an antidumping-duty order. See Tak Fat Trading Co. v. United States, 24 CIT 1376 (2000). Moreover, the ITA's determination that the plaintiffs' goods *are* covered by the Notice of Amendment of Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Preserved Mushrooms From the People's Republic of China, 64 Fed.Reg. 8,308 (Feb. 19, 1999), has been upheld in Tak Fat Trading Co. v. United States, 396 F.3d 1378 (Fed.Cir. 2005).

II

The mandate of that decision which issued April 4, 2005 has significance for this action, as able counsel have obviously understood from the beginning, not because the ITA can dictate classification by Customs, but because the latter must enforce affirmative dumping determinations of the former.

A

The sum and substance of plaintiff's instant complaint is as follows:

> 9. On August 29, 2000, plaintiff submitted to . . . Customs . . . an Entry and Entry Summary for the subject merchandise under Entry No. 445-0066241-4 requesting entry and delivery of the subject merchandise to plaintiff.

10.  The Entry and Entry Summary assert that the subject merchandise is properly classifiable in subheading 2001.90.39, HTSUS, and therefore is exempt from antidumping duties.

11.  Plaintiff tendered a deposit of regular customs duties at the rate of 9.6% *ad valorem*, but did not tender a deposit of antidumping duties on the subject merchandise.

12.  On August 31, 2000, Customs excluded the subject merchandise from entry and/or delivery, and notified plaintiff that the . . . merchandise is subject to the order and requires a cash deposit of antidumping duties.

13. Upon information and belief, the basis for Customs' decision to exclude the merchandise is Customs' decision to classify the subject merchandise in HTS subheading 2003.10.00, which provides for mushrooms prepared or preserved otherwise than by vinegar or acetic acid.

14.  On September 1, 2000, plaintiff filed a protest with the Port Director contesting Customs' decision to exclude the subject merchandise from entry or delivery. The protest was assigned . . . no. 2704-00-102410.

15.  Protest no. 2704-00-102410 was denied by Customs on October 5, 2000, or was denied by operation of law on October 1, 2000.

Following joinder of issue, the plaintiff interposed a motion for summary judgment that focuses on the classification of its merchandise, which it claims should be under HTSUS heading 2001 (2000), to wit:

2001      Vegetables, fruit, nuts and other edible parts of plants, prepared or preserved by vinegar or acetic acid:

              Other:

                  Other:
                      Vegetables:

2001.90.39                      Other[.]

B

According to plaintiff's complaint, the defendant prefers HTSUS heading 2003 ("Mushrooms and truffles, prepared or preserved otherwise than by vinegar or acetic acid") as the correct classification herein.  Be that as it may, paragraphs 12-14 of its answer deny that Customs excluded the merchandise; paragraph 13 goes on to aver that

> the basis for the rejection of the Entry and Entry Summary was a determination that not all entry and statistical requirements had been complied with, and/or that the indicated values and rates of duty (including antidumping duties) did not appear to be correct.

Hence, defendant's answer denies that the court has jurisdiction over this action pursuant to 28 U.S.C. §1581(a).  And it has filed a cross-motion for summary judgment on this primary ground.

(1)

Although importers in America since the British colonial epoch have had access to court to recover duties collected to an unsustainable excess[3], with statutes enacted last century having codified a requirement that payment of all duties, charges and exactions precede such entrée[4], on their face the pleadings at bar show that this controversy has not advanced that far, certainly not

---

[3] See, e.g., Campbell v. Hall, 98 Eng.Rep. 848 (1774); Stevenson v. Mortimer, 98 Eng.Rep. 1372 (1778).

[4] See, e.g., Tariff Act of 1930, ch. 497, Title IV, §515, 46 Stat. 590, 734-35; The Customs Courts Act of 1970, Pub. L. No. 91-271, Title I, §110, 84 Stat. 274, 278.

to the moment specified, for example, by the Customs Courts Act of 1980, 28 U.S.C. §2637(a), when "all liquidated duties, charges, or exactions have been paid".  As for the Tariff Act of 1930, as amended, an importer's protest of steps taken by Customs must satisfy the requirements of 19 U.S.C. §1514.  See, e.g., Koike Aronson, Inc. v. United States, 165 F.3d 906, 908 (Fed.Cir. 1999). Subsection 1514(c)(3)(A), upon which the defendant relies, requires that a protest of a decision be filed with Customs "within ninety days after but not before . . . notice of liquidation or reliquidation".

Subsection 1514(a)(4) does contemplate protest to Customs upon exclusion of merchandise from entry, a denial of which can be contested in the Court of International Trade.  That is not the essence of this action, however.  Defendant's Statement of Material Facts Not in Dispute, which has been filed pursuant to USCIT Rule 56(h), states in pertinent part:

> 3.  The Customs Form 7501 submitted by the plaintiff . . . indicated the entry Type Code in Box 2 to be "01." Entry Type 01 signifies a consumption entry, and Entry Type 03 signifies a consumption entry in which the merchandise is subject to antidumping duties.  . . .
>
> 4.  The plaintiff did not identify an antidumping case number on the Customs Form 7501, and did not tender to Customs a deposit of antidumping duties.  . . .
>
> 5.  . . . Customs rejected the Entry Summary documentation.  The rejection notice stated in part that the importer should "comply with instructions shown below and return entry package with original CF 7501 attached beneath corrected 7501."  . . .

6.  The rejection notice also stated in part that the "Entry is subject to dumping.  A cash deposit is required."  Customs also indicated on the notice that the antidumping Case No. was "570-851-014," that the entry type should be "Type 03," and that the antidumping rate was "198.63%."  . . .

7.  The Customs Forms 3461 and 7501, the Entry or Entry Summary Reject and the entire Entry/Entry Summary package were returned to the plaintiff by Customs. . . .

8.  The plaintiff did not resubmit the Entry and Entry Summary documentation to Customs.  . . .

9.  The plaintiff did not tender to Customs a cash deposit of antidumping duties on the subject mushrooms. . . .

Citations omitted.  The plaintiff admits each of these representations.  See Plaintiff's Response to Defendant's Statement of Material Facts Not in Dispute, pp. 1-2.  Indeed, plaintiff's complaint prays for judgment

(1) classifying the subject merchandise in subheading 2001.90.39, HTSUS; (2) directing Customs to accept plaintiff's entry and entry summary classifying the subject merchandise under [that] subheading . . .; and (3) directing Customs to admit the subject merchandise for entry and delivery to plaintiff without deposit of antidumping duties.[5]

Of course, this prayer was more tenable at the time originally pleaded[6], but the Court of Appeals for the Federal

---

[5] Plaintiff's Complaint, p. 5.  See also id., paras 16-18.  The court notes in passing that the classification prayed for entailed a duty of 9.6 percent *ad valorem* as opposed to 6 cents per kilogram drained weight plus 8.5 percent *ad valorem* per HTSUS subheading 2003.10.00 (2000).

[6] Cf. Tak Fat Trading Co. v. United States, 27 CIT ___, 294 F.Supp.2d 1352 (2003).

Circuit has now concluded, finally, that plaintiff's merchandise *is* subject to the antidumping-duty order, supra.  Whereupon a hearing was held May 12, 2005 on the parties' cross-motions herein.  Counsel were unable to convince this court that it has jurisdiction to reach now the substantive issue of classification by Customs.

In Alberta Gas Chemicals, Inc. v. United States, 84 Cust. Ct. 217, 226, C.R.D. 80-1, 483 F.Supp. 303, 311 (1980), the court held that it "clearly ha[d] jurisdiction to determine the legality of the exclusion of plaintiff's merchandise from entry for refusal to file an antidumping bond".  This holding of the U.S. Customs Court was founded on 28 U.S.C. §1582(a)(4), which provided subject-matter jurisdiction over "civil actions instituted by any person whose protest . . . has been denied . . . where the administrative decision, including the legality of all orders and findings entering into the same, involve[d] . . . the exclusion of merchandise from entry or delivery under any provisions of customs laws"[7]. That court emphasized that

> plaintiff's challenge to the legality of the finding of dumping *as underlying the imposition of an antidumping bond* does not involve any question of rate or amount of duties.

84 Cust.Ct. at 224, 483 F.Supp. at 309.  It did so to distinguish Central Commodities Corp. v. United States, 6 Cust.Ct. 452, C.D.

---

[7] The full text of that section 1582(a) is recited at 84 Cust. Ct. 220 and 483 F.Supp. 307.  That statute was supplanted by the Customs Courts Act of 1980.

514 (1941), wherein the plaintiff importer had protested an additional 25-percent countervailing duty at the submission of its entry forms and tender of a bond to cover estimated such duties. The Customs Court determined that the plaintiff's

> argument relates to the rate or amount of duties and the law gives the importer the right to protest against the rate or amount of duties within 60 [now 90] days after, but not before, liquidation. The legality of that contemplated assessment cannot be determined in this proceeding because the rate or amount of duty has not yet been definitely determined. The plaintiff must wait until after liquidation before he can litigate that issue.[8]

Likewise, this action contesting classification of plaintiff's merchandise was commenced prematurely, given the Tariff Act's unambiguous directive that a protest regarding a classification decision by Customs be filed within 90 days after but not before notice of liquidation. See generally Defendant's Cross-Motion, Declaration of David K. Shaw. See also United States v. Boe, 64 CCPA 11, 17-18, 20, C.A.D. 1177, 543 F.2d 151, 156, 158 (1976):

> . . . Classification is but one step in the liquidation process, appraisement being another.

                              * * *

---

[8] 6 Cust.Ct. at 455. The court understood its jurisdiction under section 514 of the Tariff Act of 1930 to be limited to

> whether the words "estimated duties," which section 505 of the Tariff Act of 1930 provides shall be deposited on entry, should be construed as the duties which the importer estimates are due or those which the collector estimates are payable.

Id. (holding that "it is the duty of the collector to estimate the duties").

. . . The importer has paid the estimated duties to obtain entry of the merchandise.  However, there having been no liquidation, the full amount of *liquidated* duties due can be neither known or paid.  Until those duties are paid, the [] Court has no jurisdiction to hear any complaint concerning the classification of the merchandise entered.

* * *

However sincere and well-intentioned may be the judge, an attempt, by any court, to exercise a non-existent jurisdiction is an exceptional circumstance of import most grave.

Citations omitted; italics in original.  Cf. Lowa, Ltd. v. United States, 5 CIT 81, 84-86, 561 F.Supp. 441, 444-45 (1983), aff'd, 724 F.2d 121 (Fed.Cir. 1984).

Furthermore, given the facts and circumstances underlying this action, the court cannot equate the return of the entry papers to the plaintiff with an actionable exclusion, in particular because Tak Yuen Corp. was invited by Customs to resubmit.  Cf. Inner Secrets/Secretly Yours, Inc. v. United States, 19 CIT 496, 499, 885 F.Supp. 248, 251 (1985); Mast Industries, Inc. v. United States, 9 CIT 549, 550 (1985), aff'd, 786 F.2d 1144 (Fed.Cir. 1986); Western Dairy Products, Inc. v. United States, 72 Cust.Ct. 75, 78-79, C.D. 4506, 373 F.Supp. 568, 571 (1974), aff'd, 62 CCPA 37, C.A.D. 1142, 510 F.2d 376 (1975);  In re McKesson & Robbins (Inc.), T.D. 39511, 43 Treas.Dec. 214 (1923).  If, as seems to have been the case, this importer considered the requested antidumping duties a real disincentive, at least it had (and continues to have)

access to the courts with regard thereto via 19 U.S.C. §1516a(a) and 28 U.S.C. §§ 1581(c), 2631(c), 2632(c), 2636(c). These statutory provisions were codified after the controversy that resulted in the opinion in <u>Alberta Gas Chemicals, Inc. v. United States</u>, <u>supra</u>, during the time of which Customs, not the ITA, was directly responsible for administering the antidumping law and for fielding protests thereof.

In sum, the court must conclude that it is not now properly possessed of subject-matter jurisdiction herein pursuant to 28 U.S.C. §1581(a) (2000).

(2)

In its papers in opposition to defendant's cross-motion for summary judgment, the plaintiff raises (for the first time) 28 U.S.C. §1581(i), the Court of International Trade's residual jurisdiction to hear and decide certain matters with respect to administration and enforcement of the Tariff Act of 1930, as amended. But the courts have held that this subsection

> may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate. . . . Where another remedy is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate.

<u>Miller & Co. v. United States</u>, 824 F.2d 961, 963 (Fed.Cir. 1987) (citations omitted), <u>cert</u>. <u>denied</u>, 484 U.S. 1041 (1988). <u>See</u>,

e.g., <u>CDCOM (U.S.A.) Int'l, Inc. v. United States</u>, 21 CIT 435, 439, 963 F.Supp. 1214, 1218 (1997), citing <u>Milin Industries, Inc. v. United States</u>, 12 CIT 658, 661, 691 F.Supp. 1454, 1456 (1988), and <u>R.J.F. Fabrics, Inc. v. United States</u>, 10 CIT 735, 740, 651 F.Supp. 1431, 1434 (1986); <u>United States Cane Sugar Refiners Ass'n v. United States</u>, 12 CIT 907, 909, 698 F.Supp. 266, 267 (1988), citing <u>Nat'l Corn Growers Ass'n v. Baker</u>, 840 F.2d 1547 (Fed.Cir. 1988).

Here, the plaintiff has not shown how jurisdiction under 28 U.S.C. §1581(a) would be manifestly inadequate.  Indeed, that section would be available -- if and when the plaintiff complies with the outstanding, traditional requirements of Customs.[9]  Moreover, to the extent that the antidumping duties are and have been the crux of plaintiff's dilemma, the above-referenced, third action, CIT No. 00-08-00416, which has been commenced pursuant to 28 U.S.C. §1581(c) to contest the ITA's <u>Final Results of Antidumping Duty Administrative Review for Two Manufacturers/Exporters: Certain Preserved Mushrooms From the People's Republic of China</u>, 65 Fed.Reg. 50,183 (Aug. 17, 2000), still remains to be resolved, at least according to counsel on May 12, 2005.

III

Whatever may yet develop, for now "[w]ithout jurisdiction the court cannot proceed at all in any cause", <u>Agro Dutch Indus-</u>

_____

[9] Plaintiff's counsel indicated during oral argument on May 12, 2005 that his client's merchandise is still poised to enter the United States.

tries, Ltd. v. United States, 29 CIT ___, ___, 358 F.Supp.2d 1293, 1296 (2005), appeal docketed, No. 05-1288 (Fed.Cir. March 22, 2005), quoting Ex parte McCardle, 74 U.S. (7 Wall.) 264, 265 (1869).  Defendant's cross-motion to dismiss this action therefore must be granted.  Summary judgment will enter accordingly.

Decided:  New York, New York
          May 20, 2005


                                    Thomas J. Aquilino, Jr.
                                        Senior Judge