Slip Op. 05 - 2

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - x
AGRO DUTCH INDUSTRIES LIMITED,      :

                    Plaintiff,  :

        v.                :

UNITED STATES,               :  Court No. 02-00499

                  Defendant,  :
         -and-
                        :
COALITION FOR FAIR PRESERVED MUSHROOM
TRADE,                    :

         Intervenor-Defendant.  :
- - - - - - - - - - - - - - - - - - - - x

Opinion

[Plaintiff's motion for judgment upon
 agency record denied; action dismissed.]

Decided: January 7, 2005

    Garvey Schubert Barer (Lizbeth R. Levinson, John C. Kalitka
and Ronald M. Wisla) for the plaintiff.

    Peter D. Keisler, Assistant Attorney General; David M. Cohen,
Director, and Jeanne E. Davidson, Deputy Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice (A.
David Lafer); and Office of Chief Counsel for Import Administra-
tion, U.S. Department of Commerce (William G. Isasi), of counsel,
for the defendant.

    Collier Shannon Scott, PLLC (Michael J. Coursey and Adam H.
Gordon) for the intervenor-defendant.

      AQUILINO, Senior Judge:  By letter dated November 23,
2004, counsel for the plaintiff seek to supplement their motion for
judgment upon the administrative record compiled by the Interna-
tional Trade Administration, U.S. Department of Commerce ("ITA")
sub nom. Certain Preserved Mushrooms From India:  Final Results of

Antidumping Duty Administrative Review, 67 Fed.Reg. 46,172 (July 12, 2002).   In addition to contesting various elements of that agency determination, plaintiff's motion represents that "many"[1] or "almost all"[2] entries within the determination's purview have already been liquidated by Customs pursuant to ITA instructions. Whereupon the plaintiff prays that

> the Court order the liquidations [] be rescinded and the entries reliquidated in accordance with the corrected final results of the Department, as ordered by the Court.

Plaintiff's Reply Brief, p. 13.


                                    I


        Before relief of any kind can be granted, of course, a court of limited jurisdiction must determine that the matter brought before it remains within the metes and bounds of such delimitation.[3]  They are for an action such as this that a summons be filed within 30 days after publication of the ITA's determination, followed no later than 30 days thereafter by the docketing of a complaint.  See 19 U.S.C. §1516a(a)(2)(A).  See also 28 U.S.C. §§ 1581(c), 2631(c), 2632(c), 2636(c).  On its face, this waiver of sovereign immunity is slim.  Parties to the ITA proceedings, like the plaintiff at bar and experienced counsel, understand this. They are also aware that the courts have confirmed that the

---

[1] Plaintiff's Brief, p. 24.

[2] Id.

[3] See, e.g., Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998), and cases cited therein.

statutes cited have "no provision permitting reliquidation in this [type of] case . . . after liquidation". Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed.Cir. 1983).

> In this case, we conclude that liquidation would indeed eliminate the only remedy available . . . for an incorrect review determination by depriving the trial court of the ability to assess dumping duties . . . in accordance with a correct margin on entries in the . . . review period. The result of liquidating the . . . entries would not be economic only. In this case, [the] statutory right to obtain judicial review of the determination would be without meaning for the only entries permanently affected by that determination. In the context of Congressional intent in passing the Trade Agreements Act of 1979 and the existing finding of injury to the industry . . ., we conclude that the consequences of liquidation do constitute irreparable injury.

Id. See, e.g., SKF USA Inc. v. United States, 28 CIT ___, ___, 316 F.Supp.2d 1322, 1327 (2004).

Here, the record reflects timely compliance with the brief periods of limitation for commencement of this action. It also reflects substitution of counsel for the plaintiff thereafter and submission by the second law firm (some 73 days after commencement) of an application for a preliminary injunction that

> ENJOINED during the pendency of this action . . . liquidation of any and all unliquidated entries of certain preserved mushrooms exported by Agro Dutch Industries Limited that are covered by *Certain Preserved Mushrooms from India: Final Results of Administrative Review*, 67 Fed.Reg. 46172 . . . [,] and were entered or withdrawn from warehouse, f[or] consumption between February 1, 2000, through January 31, 2001, and remain unliquidated as of 5:00 p.m. on the fifth business day upon which copies of this ORDER are personally served by plaintiff[,]

to quote from the court's injunction signed the same day the application was filed.

As indicated, plaintiff's motion for judgment would extend relief to all entries, liquidated and unliquidated. Its papers point to a notice detected on the Department of Commerce's website, to wit:

> The Department . . . announces that, effective immediately, it intends to issue liquidation instructions pursuant to administrative reviews conducted under section 751 of the Tariff Act of 1930, as amended, to the U.S. Customs Service within 15 days of publication of the final results of review in the Federal Register or any amendments thereto. This announcement applies to reviews conducted under sections 751(a)(1) and (2) of the Tariff Act. If you have any questions, please contact the staff member identified in the notice of final results of review published in the Federal Register.

Plaintiff's Brief, pp. 26-27 n. 6, citing U.S. Dep't of Commerce, Import Admin., Announcement Concerning Issuance of Liquidation Instructions Reflecting Results of Administrative Reviews (Aug. 9, 2002), available at http://ia.ita.doc.gov/download/liquidation-announcement.html. The plaintiff also points to Tianjin Machinery Import & Export Corp. v. United States, 28 CIT ____, Slip Op. 04-125 (Oct. 4, 2004), appeal docketed, No. 05-1077 (Fed.Cir. Nov. 15, 2004), wherein the plaintiff also took issue with the foregoing change in ITA approach to liquidation on the ground that it was in conflict with the 60-day period contemplated by the statutes and related Court of International Trade rules of practice. The court concluded that this "new policy is not in accordance with law." 28 CIT at ____, Slip Op. 04-125, p. 31 (footnote omitted). The declaratory judgment entered thereon does not appear, however, to

have any impact on the jurisdiction or merits of that action.  The same can be said of the subsequent opinion in <u>Corus Staal BV v. United States</u>, 28 CIT ___, Slip Op. 04-132 (Oct. 19, 2004), which, in extending a partial-consent motion for a preliminary injunction, suspending liquidation "until a final and conclusive court decision is reached"[4], merely noted the existence of the <u>Tianjin</u> decision[5]. In other words, neither opinion serves to extricate the plaintiff from its current predicament, which fundamentally is one of its own making herein.

        That is, it was free to change counsel, it was at liberty to delay in seeking suspension of liquidation, it may not have been able to anticipate the severe change in course by the ITA in regard thereto, but public announcement of that new administrative tack occurred almost two months before it sailed into court for in-junctive relief.  Furthermore, this court cannot and does not find any equitable weak link in the chain of cases that has developed in the light of <u>Zenith Radio Corp. v. United States</u>, <u>supra</u>.

        This being the case, on December 1, 2004, the court requested in writing that plaintiff's counsel "advise . . . which, if any, implicated, specific entries of subject merchandise remain unliquidated at this time."  In the absence of any response to this query, the court is now constrained to conclude that there are none

_____

        [4] 28 CIT at ___, Slip Op. 04-132, p. 3.

        [5] <u>See</u> 28 CIT at ___ and Slip Op. 04-132, p. 2 n.*.

and that it thus has no jurisdiction to decide the other issues raised in plaintiff's motion.

> . . . Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

Ex parte McCardle, 74 U.S. (7 Wall.) 264, 265 (1869).  Cf. Avanti Products, Inc. v. United States, 16 CIT 453, 453-54 (1992):

> . . . The absence of any alleged supportive facts is all the more critical in view of the precise nature of the relief the plaintiff seeks.  Indeed, a party plaintiff has a primary and independent obligation to prosecute any action brought by it - from the moment of commencement to the moment of final resolution.  That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment.

## II

In view of the foregoing, judgment must be entered, denying plaintiff's motion for judgment upon the agency record and dismissing this action.

Decided:  New York, New York
          January 7, 2005

                                    Thomas J. Aquilino, Jr.
                                         Senior Judge