Slip Op. 05 - 74

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x
THE COALITION FOR THE PRESERVATION
OF AMERICAN BRAKE DRUM AND ROTOR    :
AFTERMARKET MANUFACTURERS,
                                    :
                    Plaintiff,
                                    :
            v.                          Court No. 01-00825
                                    :
THE UNITED STATES,
                                    :
                    Defendant.
- - - - - - - - - - - - - - - - - - -x

Memorandum


[Defendant's motion to dismiss this action
 in lieu of compliance with an outstanding
 order of remand to the International Trade
 Administration granted.]

                                    Decided:  June 21, 2005


    Porter Wright Morris & Arthur LLP (Leslie Alan Glick) for
the plaintiff.

    Peter D. Keisler, Assistant Attorney General; David M. Cohen,
Director, and Jeanne E. Davidson, Deputy Director, Commercial Liti-
gation Branch, Civil Division, U.S. Department of Justice (Stephen
C. Tosini); and Office of Chief Counsel for Import Administration,
U.S. Department of Commerce (Augusto Guerra), of counsel, for the
defendant.


        AQUILINO, Senior Judge:  The court's slip opinion 04-31,

28 CIT ___, 318 F.Supp.2d 1305 (2004), familiarity with which is

presumed, granted plaintiff's motion herein for judgment upon the

record compiled by the International Trade Administration, U.S.

Department of Commerce ("ITA") sub nom. Brake Rotors From the

People's Republic of China: Final Results and Partial Rescission of

Fifth New Shipper Review, 66 Fed.Reg. 44,331 (Aug. 23, 2001), to the extent of remand to the ITA for reconsideration of its determination to grant Shandong Laizhou Huanri Group General Co. a separate antidumping-duty rate in the absence of that company's presentment to, and analysis by, the agency of communist China's Organic Law of the Village Committee. The defendant was afforded 90 days to reopen the record in that regard and to report to the court the results of such reconsideration.

I

It has not done so. Exactly ninety days after entry of the court's order, counsel came forth with a motion to dismiss this lawsuit for lack of jurisdiction, stated to be made pursuant to USCIT Rule 12(b)(1).[1]  But of course that rule of traditional federal practice has been available upon the attempted commencement of an action, not after substantive issue has been joined by the parties and decided by the court, which is this case.

Be this very belated misapplication as it is, a court of

> limited jurisdiction must [continuously] determine that the matter brought before it remains within the metes and bounds of such delimitation.

Agro Dutch Industries Limited v. United States, 29 CIT ___, ___, 358 F.Supp.2d 1293, 1294 (2005), appeal docketed, No. 05-1288

---

[1] The motion does request an extension of time to "allow Commerce to file the remand results in this case within 30 days after the Court's decision concerning [the] motion to dismiss, if necessary."

(Fed.Cir. March 22, 2005), citing <u>Steel Co. v. Citizens for a</u> <u>Better Environment</u>, 523 U.S. 83 (1998).  That limited jurisdiction has been posited herein under 19 U.S.C. §1516a(a)(2)(A) and 28 U.S.C. §§ 1581(c), 2631(c), 2632(c), 2636(c).

> . . .[T]his waiver of sovereign immunity is slim. Parties to the ITA proceedings, like the plaintiff at bar and experienced counsel, understand this.  They are also aware that the courts have confirmed that the statutes cited have "no provision permitting reliquidation in this [type of] case . . . after liquidation".  <u>Zenith Radio</u> <u>Corp. v. United States</u>, 710 F.2d 806, 810 (Fed.Cir. 1983).
>
> In this case, we conclude that liquidation would indeed eliminate the only remedy available . . . for an incorrect review determination by depriving the trial court of the ability to assess dumping duties . . . in accordance with a correct margin on entries in the . . . review period.  The result of liquidating the . . . entries would not be economic only.  In this case, [the] statutory right to obtain judicial review of the determination would be without meaning for the only entries permanently affected by that determination. In the context of Congressional intent in passing the Trade Agreements Act of 1979 and the existing finding of injury to the industry . . ., we conclude that the consequences of liquidation do constitute irreparable injury.
>
> <u>Id</u>.  <u>See</u>, <u>e.g.</u>, <u>SKF USA Inc. v. United States</u>, 28 CIT ___, ___, 316 F.Supp.2d 1322, 1327 (2004).

<u>Ibid</u>., 29 CIT at ___, 358 F.Supp.2d at 1294.

This enduring interpretation of judicial review pursuant to the Trade Agreements Act of 1979, as amended, has resulted in regular applications for, and grants of, preliminary injunctions, suspending liquidations of entries of goods specifically implicated

by administrative and then court reviews thereunder. Plaintiff's complaint and required other papers filed upon commencement of this case do not list or otherwise indicate those entries herein, although the ITA, in publishing its Preliminary Results at 66 Fed. Reg. 29,080 *et seq.* (May 29, 2001), advised all parties in regular course of the potential consequences for them upon rendering the Final Results. See 66 Fed.Reg. at 29,085-86. Apparently, the plaintiff did not heed that warning, nor did it take the all-but-automatic step for judicial suspension of liquidation pending entry of final judgment upon its CIT complaint, if not subsequent appeal therefrom to the Federal Circuit.

The defendant has now notified this court that, on January 16, 2003, the Department of Commerce issued liquidation instructions to Customs, which complied on February 28, 2003. See Defendant's Motion to Dismiss, p. 3 and Attachments 1 and 2. Those actions thus took place more than a year before the court was able to hand down slip opinion 04-31, the publication of which itself apparently did not induce counsel to make the aforesaid notification any sooner than the end of the additional, 90-day period granted to carry out the court's order of remand.

Suffice it to state that the record developed in this matter is not a favorable reflection of USCIT Rule 1. On its part, the plaintiff still argues that (i) there is a live case and controversy to be decided, (ii) the case is not moot, (iii) defend-

ant's tactics violate its obligations to the court, and (iv) the court is empowered to make a declaratory judgment in this case. Plaintiff's Response to Defendant's Motion to Dismiss, p. i (capitalization deleted). Whatever defendant's obligations may be, however, there is no seeming recognition that

> a party plaintiff has a primary and independent obliga-
> tion to prosecute any action brought by it - from the
> moment of commencement to the moment of final resolution.
> That primary responsibility never shifts to anyone else
> and entails the timely taking of all steps necessary for
> its fulfillment.

Avanti Products, Inc. v. United States, 16 CIT 453, 453-54 (1992); Agro Dutch Industries Limited v. United States, 29 CIT at ___, 358 F.Supp.2d at 1296. With regard to this kind of case's jurisdic-tional predicate, counsel state:

> Liquidation of entries in this case is of minimal
> impact to Plaintiff in view of the low value of the
> shipment ($18,195.00). . . . The duties at the "country
> wide" rate would amount to a little more than $6,000.00.
> New shippers usually file requests for reviews of
> antidumping orders based on a single entry to the United
> States, like Huanri General did in the challenged action.
> [] This is a unique characteristic of requests for new
> shipper reviews, which is highly relevant to the mootness
> issue. . . . The value of the duties themselves are
> often so small that it would not justify the cost of
> litigation, if that was the only basis for filing suit.
> If the duties themselves were not the motivating reason
> for filing an appeal, it follows that the liquidation of
> these duties does not remove the rationale for the
> appeal. As indicated by Defendant's motion, the value of
> the shipment is so low that any duties imposed on them
> would be of negligible benefit to the Plaintiff in
> monetary terms. . . . If the duties were the only issue,
> it might never be economical to file an appeal of a new
> shipper review determination in a non-market economy
> antidumping case; thus, these cases would be forever
> "evading review".

What is the real value to Plaintiff, and which constitutes the real controversy in this case is the decision of this Court as to whether a separate rate, as applied to Huanri General, is based on substantial evidence and in accordance with law given the lack of real investigation by the Department into the village committee ownership issue.  . . .

Plaintiff's Response to Defendant's Motion to Dismiss, pp. 4-5 (citations omitted; emphasis in original).  This may very well all be true, but it also has always been true that

[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.

Ex parte McCardle, 74 U.S. (7 Wall.) 264, 265 (1869); Agro Dutch Industries Limited v. United States, 29 CIT at ___, 358 F.Supp.2d at 1296.

## II

In view of the foregoing, this matter must now be dismissed for lack of subject-matter jurisdiction.  Judgment will enter accordingly.

Decided:  New York, New York
          June 21, 2005

                                    Thomas J. Aquilino, Jr.
                                         Senior Judge